IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.

**CRIMINAL NO. 2:15cr146**

**GARTH ANDREW SALKEY,**

**Defendant.**

## ORDER AND OPINION

This matter comes before the Court on Garth Alexander Salkey's ("Petitioner") Motion to Amend Petition, ECF No. 40, which the Court finds is more appropriately interpreted and construed as Petitioner's Amended Petition for Ancillary Hearing pursuant to this Court's previous Order filed June 3, 2016, ECF No. 39. For the reasons set forth herein, the Court **DENIES** and **DISMISSES** Petitioner's motion and amended request for an ancillary hearing. ECF No. 40.

### I.  FACTUAL AND PROCEDURAL HISTORY

On November 17, 2015, Garth Andrew Salkey ("Criminal Defendant") pled guilty before this Court to a single count criminal information charging him with Conspiracy to Distribute and Possess with Intent to Distribute One (1) Kilogram or more of Heroin, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A)(i). ECF Nos. 13, 18. On February 8, 2016, the United States of America ("the Government") filed a motion for a preliminary order of forfeiture against the Defendant for a monetary judgment and a number of other tangible assets, including money seized from Bank of America account number 435010772090. ECF No. 25. The Government's motion for a preliminary order for forfeiture indicated that the Criminal

1

Defendant was the only signatory on the account. ECF No. 25 at 14; ECF No. 25-1 at 2-3. On March 9, 2016, the Court issued a Preliminary Order of Forfeiture for a $422,370.00 monetary judgment and various tangible assets including $11,084.82 seized from Bank of America account number 435010772090. ECF No. 30. The following day, March 10, 2016, the Court sentenced the Defendant to one hundred thirty-five (135) months imprisonment and five (5) years supervised release. ECF No. 32.

The Government indicates that notice of these proceedings was mailed to Petitioner and the Lentz Law Firm on March 15, 2016. ECF No. 38. On April 13, 2016, Petitioner, with the assistance of an attorney barred in California, filed his first Petition for an Ancillary Hearing claiming legal ownership of the $11,084.82 forfeited to the Government from Bank of America account number 435010772090. ECF No. 26. After the Clerk's Office informed the assisting attorney of the local rules pertaining to Ghostwriting and Foreign Attorneys, which the assisting attorney was in violation of, Petitioner filed a nearly identical Petition for Ancillary Hearing on April 15, 2016; however, this second petition omitted all references to the assisting attorney and his law firm and contained a certification under penalty of perjury that no attorney had prepared or assisted in the preparation of the petition. ECF No. 37.

On April 22, 2016, the Government filed a Motion to Strike or Dismiss the Petitions of Garth Alexander Salkey. ECF No. 38. Petitioner was provided an appropriate period to respond to the Government's motion, but no response was filed. On June 3, 2016, the Court granted the Government's motion to dismiss the petitions for failure to state a claim and for failure to follow local filing rules; however, the Court also provided Petitioner fourteen (14) days to amend his petition and correct the deficiencies noted in the Order. On June 22, 2016, Petitioner filed the instant Motion to Amend, ECF No. 40, which the Court interprets as Petitioner's Amended

Petition for Ancillary Hearing pursuant to the Court's previous Order. On June 29, 2016, the Government filed a Brief in Opposition to Petitioner's Motion to Amend. ECF No. 41.

## II. LEGAL STANDARDS

### A. Criminal Forfeiture

When "a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized" and the "defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code." 28 U.S.C. § 2461(c). The process for such forfeiture is set forth in 21 U.S.C. § 853, as "[t]he procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding" with the exception of subsection (d). *Id.*

In particular, 21 U.S.C. § 853(n) sets forth the relevant procedures and requirements for resolving third parties' claimed interests in forfeited property. 21 U.S.C. § 853(n)(1) requires the United States to publish notice of an order of forfeiture and allows the Government to provide direct written notice to any person known to have alleged an interest in the property that is the subject of the forfeiture order. In addition, § 853(n)(2) provides a third party thirty days from the final publication of notice or receipt of notice to assert its legal interest in the forfeited property through a petition filed with the Court. Under § 853(n)(6), a third party may obtain relief through this petition process on only two grounds, which must be established by a preponderance of the evidence. First, petitioner may recover by establishing that the petitioner's interest in the forfeitable property was superior to the defendant's interest in the property at the time of the commission of the acts which gave rise to the forfeiture; or second, by establishing that the

petitioner was a bona fide purchaser for value. *See* 21 U.S.C. § 853(n)(6). Finally, § 853(n)(3) requires a petition filed by a third party to "be signed by the petitioner under penalty of perjury" and to "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."

In order to recover forfeited property, petitioners must establish constitutional and statutory standing, *see United States v. Emor*, 785 F.3d 671 (D.C. Cir. 2015), and comply with the pleading requirements set forth in § 853(n)(3). Courts routinely dismiss third party petitions when they fail to establish standing or meet the pleading requirements detailed in § 853(n)(3). *See, e.g., United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (upholding district court's dismissal of petition because it "asserts only a conclusory legal interest" in the forfeited property); *United States v. Timley*, 507 F.3d 1125, 1129-30 (8th Cir. 2007) ("The specifications that a third-party claimant have a legal interest (under § 853) and an interest (under Rule 32.2) impose a statutory-standing requirement on claimants. Thus . . . [a claimant] must first demonstrate a legal interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture."); *United States v. Alquzah*, 91 F. Supp. 3d 818, 825 (W.D.N.C. 2015) ("A petition should be dismissed on the issue of standing if a petitioner has not asserted a 'legal interest' in property subject to forfeiture"); *United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013) (finding "[c]onclusionary allegations of ownership and purchase with funds from employment . . . insufficient under § 853(n)(3)" and that petitioner had "not adequately stated the nature of the interest that she claims in the property"); *United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 (E.D. Wis. 2012) (dismissing a petition "as it fails to specify the time and circumstances of petitioner's acquisition of right, title, or interest in" the property); *United States*

*v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (dismissing petition where petitioners failed to state the time of acquisition of legal right, title or interest in the property and any facts sufficient for finding that the asserted interest was valid); *United States v. Edwards*, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007) ("the law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title or interest in the subject property.").

### B. Local Rules

In addition to the legal requirements set forth in 21 U.S.C. § 853 and the Federal Rules of Criminal Procedure, a petitioner claiming a third party interest in forfeited property must also comply with the United States District Court for the Eastern District of Virginia's local rules. Local Criminal Rule 57.4 provides the relevant provisions for the petitions filed in this matter and sets forth requirements for foreign attorneys and rules governing attorney ghostwriting for litigants proceeding pro se. Local Criminal Rule 57.4(D) allows foreign attorneys to appear pro hac vice in the Eastern District of Virginia as long as certain requirements are met. Local Criminal Rule 57.4(M) sets forth rules governing attorney ghostwriting and requirements for pro se filings. The local rules are straightforward and require an attorney engaged in ghostwriting to comply with all rules that govern attorneys who have formally appeared in the proceeding. The rules also require pro se litigants to certify in writing and under penalty of perjury that their filings have not been prepared by, or with the aid of, an attorney or they must identify an attorney who did assist in the preparation of the document.

### III. DISCUSSION

#### A. The Amended Petition

In his amended petition, Petitioner makes claim to $11,084.82 seized from the Bank of America Account No. 435010772090 and limits his support of this claim to two short sentences

asserting that he is "the legal owner of the money" and that it "was a Navy Federal Credit Union Check in [his] name issued by the bank for a loan." ECF No. 40. "The facts set forth in the petition are assumed to be true" for purposes of analyzing this petition. *United States v. Emor*, 785 F.3d 671, 675 (D.C. Cir. 2015).

As previously detailed, Petitioner, as a third party seeking relief from an order of criminal forfeiture, must either: (1) "show a legal interest in the forfeitable property vested in petitioner rather than the defendant or show its interest was superior to the criminal defendant's at 'the time of the commission of the acts which gave rise to the forfeiture'"; or (2) "[i]f petitioner's interest arose after the crime, the petitioner must show it was a 'bona fide purchaser for value' of the property, who was 'reasonably without cause to believe that the property was subject to forfeiture' at the time of the purchase." *United States v. Emor*, 785 F.3d 671, 678 (D.C. Cir. 2015) (quoting 21 U.S.C. § 853(n)(6)(A)-(B). To that end, Petitioner must also plead sufficient facts to establish standing and meet the requirement in 21 U.S.C. § 852(n)(3) by setting forth "the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."

Petitioner's third petition once again fails to meet these standards. The instant amended petition does not identify under which ground of 21 U.S.C. § 853(n)(6) relief is sought and fails to satisfy the bulk of the remaining pleading requirements set forth in 21 U.S.C. § 853(n)(3). The lack of factual assertions regarding Petitioner's interest and title in the forfeited money also poses serious questions regarding Petitioner's standing to bring this petition. In his amended petition, Petitioner indicates he is the legal owner of the forfeited property, a conclusory legal allegation, and includes a single fact sentence asserting the forfeited money was initially

obtained from a Navy Federal Credit Union check issued in his name for a loan. While this factual assertion, taken as true, may show how he initially obtained the money and had a legal interest in it at one time, it fails to provide any facts demonstrating Petitioner had any title or legal claim to the money after it was deposited into the Criminal Defendant's Bank of America savings account on April 21, 2015. This single factual assertion does not set forth the nature, extent, or acquisition of petitioner's right, title, or interest in the property after it was deposited in the Criminal Defendant's bank account. Therefore, there is no factual basis under which Petitioner could recover, or even establish standing. As a result, the petition fails to meet the standards for pleading and, as discussed in the Court's discussion of applicable legal standards, this is sufficient grounds to justify the petition's dismissal.

### B. Local Rules

In addition to Petitioner's failure to satisfy the requirements of 21 U.S.C. § 853(n) in his first two petitions, the petitions submitted by or on behalf of the Petitioner violated the local rules for the Eastern District of Virginia. Petitioner's Amended Petition cured the deficiencies noted in the Court's previous Order and appears to be in compliance with the substance of the Local Rules.

### IV. CONCLUSION

For the reasons set forth herein, the Court **DENIES** and **DISMISSES** Petitioner's amended petition for an ancillary hearing. ECF No. 40. The Clerk is **DIRECTED** to forward a copy of this Order to the United States Attorney, the Petitioner, and Petitioner's counsel of record, if any. **IT IS SO ORDERED.**

/s/
Robert G. Doumar
UNITED STATES DISTRICT JUDGE

Norfolk, VA
July 11, 2016